IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| -vs- | § § § SA-22-CR-00340-XR |
| CALEB PARKERSON, *Defendant* | § § § § |

### ORDER

On this date, the Court considered Defendant's Motion to Suppress (ECF No. 39) and the Government's response thereto (ECF No. 43). After careful consideration, the Court issues the following order.

### BACKGROUND

The Defendant is charged in an indictment with being a felon in possession of a firearm.

On March 9, 2022/April 6, 2022,[1] San Antonio Police Officer Diana Brown went to a site under IH 37 at Brooklyn Avenue to warn a group of unhoused individuals camped there that the Texas Department of Transportation (TXDOT), the owner of the land, would be showing up the next day, and if the area was not vacated, TXDOT would remove their tents and any belongings from the area.[2] She also told some individuals she talked with that no trespassing signs were posted under the highway and that the property belonged to TXDOT.[3] Officer Brown recognized many individuals she approached and engaged with them in a professional manner.

---

[1] The Government and the Defendant offer competing dates for the date of the incident in question. *Compare* ECF No. 39 at 2 *with* ECF No. 43 at 1.

[2] Testimony of Officer Brown, March 12, 2024; Government Exhibit 2, admitted at the hearing held on March 12, 2024.

[3] *See* Government Exhibit 1, admitted at the hearing held on March 12, 2024.

1

Once she approached the tent where the Defendant was sleeping in, she immediately lifted a tent flap, or some covering, and saw the Defendant sleeping inside. Next to him was a cellphone, money, a bag containing marijuana and a pistol. Officer Brown secured the weapon for safety reasons. She roused the Defendant awake and began to speak with him. She did not have a warrant to search the tent, she did not announce her presence before opening the tent, nor did she have permission from the Defendant to do so. Thereafter, she determined that the Defendant had active arrest warrants and he was then taken into custody.

Defendant now brings this Motion to Suppress seeking exclusion of the weapon.

## ANALYSIS

"The Fourth Amendment protects individuals from unreasonable searches and seizures that intrude on reasonable expectations of privacy. Warrantless searches are presumptively unreasonable. To object to a warrantless search, however, a defendant must manifest a subjective expectation of privacy in the object of the search, and the expectation must be one that society is willing to recognize as reasonable or legitimate." *United States v. Villarreal*, 963 F.2d 770, 773 (5th Cir. 1992).

The Government argues that the Defendant was a trespasser onto the property and that as a result he did not have a reasonable expectation of privacy.

The Fifth Circuit has not expressed an opinion on whether a homeless or unhoused individual has a reasonable expectation of privacy in a tent that they are occupying. The Ninth Circuit has stated that in their opinion the expectation of privacy should not turn on whether the defendant had permission to be on the property at issue. *See United States v. Sandoval*, 200 F.3d 659, 661 (9th Cir. 2000). In *Sandoval*, the defendant's tent was on Bureau of Land Management (BLM) acreage. The "tent was located in an area that was heavily covered by vegetation and

virtually impenetrable." *Id*. at 660.  The Ninth Circuit also noted that "camping on public land, even without permission, is far different from squatting in a private residence. A private residence is easily identifiable and clearly off-limits, whereas public land is often unmarked and may appear to be open to camping. Thus, we think it much more likely that society would recognize an expectation of privacy for the camper on public land than for the squatter in a private residence." *Id*. at 661.  And the Ninth Circuit stated that whether "Sandoval was legally permitted to be on the land was a matter in dispute." *Id*.  In contrast, in holding that a trespasser on BLM land had no reasonable expectation of privacy in a cave "in light of the fact that he could be ousted by BLM authorities from the place he was occupying at any time," the Tenth Circuit held that "any determination of just what protection is to be given [under the Fourth Amendment] requires, in a given case, some reference to a place." *United States v. Ruckman*, 806 F.2d 1471, 1472–73 (10th Cir. 1986).[4]  The Court finds the Tenth Circuit's reasoning more persuasive.

In another case, the Ninth Circuit held that tents are protected under the Fourth Amendment.  *See United States v. Gooch*, 6 F.3d 673, 678 (9th Cir. 1993).  But the facts in *Gooch* are different to the case here with Parkerson.  In *Gooch*, the tent was placed in a state campground where campers were invited to set up tents for temporary stays.  *Id.* at 676.

---

[4] *See also Ruckman*, 806 F.2d at 1472–73 ("Ruckman was admittedly a trespasser on federal lands and subject to immediate ejectment. With respect to its own lands, the government has the rights of an ordinary proprietor, i.e., to maintain its possession and to prosecute trespassers.  While he had been living off the land for several months, the cave could hardly be considered a permanent residence. Counsel himself describes Ruckman as 'just camping out there for an extended period of time.' Ruckman's subjective expectation of privacy is not reasonable in light of the fact that he could be ousted by BLM authorities from the place he was occupying at any time. While it has been often stated, the Fourth Amendment protects people, and not places, any determination of just what protection is to be given requires, in a given case, some reference to a place. And the place in this instance was on federal (BLM) land." (citations omitted)).

Given the facts here, the Court concludes that Parkerson had no expectation of privacy that society is willing to recognize as reasonable or legitimate.[5] His tent was located on TXDOT property where no trespassing signs were posted.

## CONCLUSION

For the foregoing reasons, Defendant's motion to suppress (ECF No. 39) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 12th day of March, 2024.

                                               _____
                                               XAVIER RODRIGUEZ
                                               UNITED STATES DISTRICT JUDGE

---

[5] The Court does acknowledge, however, that the problems faced by the unhoused place a tension between their predicament and the current state of the law. *See e.g.*, Carrie Leonetti, *The Wild, Wild West: The Right of the Unhoused to Privacy in Their Encampments*, 56 AM. CRIM. L. REV. 399, 425 (2019).